﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190517-5810
DATE: June 30, 2020

REMANDED

The appeal as to the claim of entitlement to service connection for a goiter, to include as due to medications prescribed for service-connected disabilities, is remanded. 

The appeal as to the claim of entitlement to service connection for testicular hypofunction, to include as due to medications prescribed for service-connected disabilities, is remanded.

The appeal as to the claim of entitlement to service connection for diabetes mellitus, type II, to include as due to medications prescribed for service-connected disabilities, is remanded. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service in the United States Navy from June 1985 to February 1991, June 1999 to March 2000, February 2006 to November 2006, and from January 2008 to October 2008. His service was under honorable conditions. 

These matters are on appeal from an April 2019 rating decision. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Veteran chose to participate in VA's test program "RAMP", the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. The Veteran opted-in to RAMP on May 7, 2019, and selected the Direct Review lane. As explained on the RAMP Opt-In Election Form, the review is based on evidence submitted to VA as of the date of the election, and the Veteran may not submit additional evidence. Thereafter, in May 2019 correspondence, the Board accepted the Veteran's appeal and placed it on the Direct Review docket.

Under its review, the Board will now consider all evidence of record up to May 7, 2019. The Board has not considered any evidence received or submitted after the May 2019 RAMP Opt-In Election.

REASONS FOR REMAND

1. Entitlement to service connection for a goiter, to include as due to medications prescribed for service-connected disabilities.

See argument Below at 3

2. Entitlement to service connection for testicular hypofunction, to include as due to medications prescribed for service-connected disabilities.

See argument Below at 3

3. Entitlement to service connection for diabetes mellitus, type II, to include as due to medications prescribed for service-connected disabilities.

The Board finds that a remand is required to correct a duty to assist error that occurred prior to the Veteran's election to enter the RAMP program. The Veteran has not been afforded a VA examination in this case. Following a review of the evidence associated with the claims file prior to the Veteran electing to participate in the RAMP program, the Board finds that VA examinations with opinions are warranted.

In this regard, the Veteran asserts that his current goiter, testicular hypofunction, and diabetes mellitus, type II, disabilities are related to his service-connected disabilities, to include medication prescribed to treat these disabilities. 

Service treatment records are negative for complaints of, treatment for, or a diagnosis of a goiter, testicular disorder, or diabetes mellitus, type II. 

Post-service treatment records include a September 2017 VA outpatient treatment record that notes a diagnosis of diabetes mellitus, type II. A December 2017 record demonstrates a diagnosis of a goiter. A May 2018 record indicates a diagnosis of testicular hypofunction. 

In addition to the Veteran’s assertions and current diagnoses, the record reflects that the Veteran is in receipt of service connection for depression, sleep apnea, bilateral pes planus, bilateral radiculopathy of the upper and lower extremities, cervical strain disorder, lumbar spine disorder, left plantar fasciitis, gastrointestinal disorder, varicocele, tinnitus, facial scar, scar due to removal of cysts, cysts, hypertension, rosacea, allergic rhinitis, and temporomandibular joint disorder. In this regard, medical treatment records show that the Veteran takes several medications to treat these disabilities. 

A disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition. 38 C.F.R. § 3.310(a) (2019). This includes any increase in severity of a nonservice-connected disease that is proximately due to or the result of a service-connected disability as set forth in 38 C.F.R. § 3.310(b). See also Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). A claimant is also entitled to service connection on a secondary basis when it is shown that a service-connected disability aggravates a nonservice-connected disability. 38 C.F.R. § 3.310; Allen, 7 Vet. App. at 439. 

Therefore, the issues are remanded for VA examinations and medical opinions regarding whether any current goiter, testicular hypofunction, or diabetes mellitus type II are directly related to the Veteran’s active service or to medications prescribed for his service-connected disabilities. 38 C.F.R. § 3.159(c)(4); see also McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matters are REMANDED for the following actions:

1. Schedule the Veteran for a VA examination before an appropriate physician to determine the etiology of any current goiter, present during the period on appeal. The examiner must review the record, to include service treatment records, VA and private treatment records, and the Veteran’s assertions. The examiner must also consideration the Veteran's documented medical history, assertions, and reported symptoms. All necessary tests and studies should be completed, and all clinical findings reported in detail. 

The examiner must provide an opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that any identified goiter disorder(s), manifested during, or as a result of, active military service. If not, the physician should state a medical opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that the goiter disorder was caused or permanently worsened by the service-connected cyst disorder, to include medications prescribed for his service-connected disabilities. If the physician believes that a goiter disorder was permanently worsened by a service-connected disorder(s), to include medication prescribed for the service-connected disorder(s), the physician should attempt to identify the baseline level of disability that existed prior to the onset of aggravation and the extent of disability that is attributable to aggravation.

A complete rationale must be provided for all opinions offered. If an opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what additional evidence, if any, would allow for a more definitive opinion.

2. Schedule the Veteran for a VA examination before an appropriate physician to determine the etiology of any current testicular disorder, to include testicular hypofunction, present during the period on appeal. The examiner must review the record, to include service treatment records, VA and private treatment records, and the Veteran’s assertions. The examiner must also consideration the Veteran's documented medical history, assertions, and reported symptoms. All necessary tests and studies should be completed, and all clinical findings reported in detail. 

The examiner must provide an opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that any identified testicular disorder(s), to include testicular hypofunction, manifested during, or as a result of, active military service. If not, the physician should state a medical opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that the testicular disorder was caused or permanently worsened by the service-connected varicocele disorder, to include medications prescribed for his service-connected disabilities. If the physician believes that a testicular disorder was permanently worsened by a service-connected disorder(s), to include medication prescribed for the service-connected disorder(s), the physician should attempt to identify the baseline level of disability that existed prior to the onset of aggravation and the extent of disability that is attributable to aggravation.

A complete rationale must be provided for all opinions offered. If an opinion cannot be offered without resort to mere speculation, the examiner must fully explain why this is the case and identify what additional evidence, if any, would allow for a more definitive opinion.

3. Schedule the Veteran for a VA examination before an appropriate physician to determine the etiology of any current diabetes mellitus, type II, present during the period on appeal. The examiner must review the record, to include service treatment records, VA and private treatment records, and the Veteran’s assertions. The examiner must also consideration the Veteran's documented medical history, assertions, and reported symptoms. All necessary tests and studies should be completed, and all clinical findings reported in detail. 

(Continued on the next page)

 

The examiner must provide an opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that any identified diabetes mellitus, type II disorder(s), manifested during, or as a result of, active military service. If not, the physician should state a medical opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that the diabetes mellitus, type II disorder was caused or permanently worsened by the service-connected hypertension disorder, to include medications prescribed for his service-connected disabilities. If the physician believes that a diabetes mellitus, type II disorder was permanently worsened by a service-connected disorder(s), to include medication prescribed for the service-connected disorder(s), the physician should attempt to identify the baseline level of disability that existed prior to the onset of aggravation and the extent of disability that is attributable to aggravation.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Sara Schinnerer, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.